549 So.2d 909 (1989)
CITY OF LAFAYETTE, Louisiana, Plaintiff-Appellant,
v.
Rose RICHARD, Widow of Otto Leach; Cherry-Fern Leach, Wife of Charles M. Thompson, Jr., Defendants-Appellees.
No. 88-688.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
*910 Michael D. Hebert, Voorhies & Labbe, Lafayette, for plaintiff-appellant.
Charles M. Thompson, Jr., Thompson & Sellers, Abbeville, for defendants-appellees.
Before DOMENGEAUX, FORET and KING, JJ.
FORET, Judge.
The City of Lafayette (City) instituted expropriation proceedings against defendants, Rose Richard and Cherry-Fern Leach Thompson, seeking to expropriate property situated in the northeastern fringe of the business district of the City of Lafayette. The trial court rendered judgment in favor of the City on the issue of necessity. However, the City appeals the trial court's judgment valuing the property expropriated at $13.50 per square foot.[1] Additionally, defendants have answered the appeal, seeking additional attorney's fees incurred in connection with the defense of this appeal.
The property which is the subject of this litigation is situated on Madison Street in the City of Lafayette. The total square footage of defendants' property is 26,766 square feet. However, the property which was expropriated (5,468 square feet) is located in the rear portion of the defendants' property, extending away from Madison Street.
In its appeal, the City raises the following assignments of error:
1. The trial court erred in valuing the subject property based upon a finding that Guaranty Bank & Trust Company is the dominant market force in the area of the property and upon market transactions which were excessively remote in time from the date of trial.
2. The trial court erred in valuing the subject property based upon market transactions for land assembly purposes when no evidence was introduced to show that the subject property had immediate value for land assembly purposes.
3. The trial court erred in relying upon prior acquisitions and purchase offers of the City of Lafayette in valuing the subject property.

ASSIGNMENT OF ERROR NO. 1
In expropriation proceedings, the owner is generally entitled to the market value of his land at the time of expropriation, with market value being what a willing purchaser will pay a willing seller under usual, *911 ordinary circumstances. State, Dept. of Transp. & Develop. v. Taylor, 461 So.2d 1282 (La.App. 3 Cir.1985), writs denied, 464 So.2d 1382, 1383 (La.1985). Additionally, the owner is entitled to severance damages to the remaining portion of his property, if any there be. State, Dept. of Transp. & Develop. v. Taylor, supra. In determining the value to be assigned to the property expropriated, the property is to be valued according to its highest and best use. State, Through Dept. of Highways v. Bray, 511 So.2d 1300 (La.App. 2 Cir.1987), writ denied, 515 So.2d 446 (La.1987).
In the instant case, the City contends that the trial court erred in finding that Guaranty Bank was the dominant market force in the area of the subject property. We disagree. There is substantial evidence in the record attesting to the fact that Guaranty Bank was involved in numerous real estate transactions in the area of the subject property, resulting in somewhat of an inflationary effect on property values in that locale. In fact, of the twelve comparable sales relied on by the landowners' appraiser, Allen Angers, five of those transactions involved purchases by Guaranty Bank of small tracts of land located in the area of the subject property. We therefore find that Guaranty Bank was an active force in the real estate market in the area of the property expropriated and conclude that the trial court acted properly in assigning a great weight to the real estate transactions involving Guaranty Bank.
We should also point out, however, that the trial court's determination of value is not based exclusively upon a finding that Guaranty Bank is the dominant market force in the area. The trial court's determination of value is primarily based upon the testimony of the landowners' appraiser, Allen Angers, who concluded that the property expropriated was worth $13.50 per square foot as of the date of expropriation. Angers testified that the subject property is surrounded on three sides by parking lots owned by Guaranty Bank and that the highest and best use of this property would be either commercial development or use as a parking area. Angers further testified that property values in the area of the subject property were relatively high, largely due to a number of real estate transactions engaged in by Guaranty Bank during the past several years. The comparables relied on by Angers ranged in value from $6.00 per square foot to $37.00 per square foot, and he concluded that the subject property had a value somewhere in between, i.e., $13.50 per square foot. We have carefully reviewed the record in these proceedings and find that the trial court did not commit manifest error in relying upon Angers' determination of value in this case.
The City also argues that the comparables relied on by Angers are excessively remote in time from the date of trial. Again, we respectfully disagree. Of the twelve comparable sales relied upon by Angers, nine took place in the year 1985 and trial on the merits was held in December of 1987. We do not find that these transactions are too far removed in time to be considered by Angers in reaching his determination of value.

ASSIGNMENT OF ERROR NO. 2
Defendants' appraiser, Allen Angers, testified at length with regard to the real estate activity occurring in the area of the subject property. One of the factors relied upon by Angers in determining the value of the subject property is the fact that the property in question could be useful to someone who is attempting to assemble several smaller tracts of land into one bigger piece for commercial development or parking use. Angers explained that there was a great deal of land assembly activity in the area and that the nature and location of the subject property is such that it could be purchased for this purpose. It is well established that in expropriation proceedings, all available purposes for which the land is adaptable and to which it might in reason be applied, should be considered. Consolidated Sewerage, etc. v. OKC Dredging, 380 So.2d 657 (La.App. 4 Cir.1980), writ. denied, 384 So.2d 795 (La. 1980). We find, based upon the evidence adduced at trial, that Angers properly considered the fact that the property expropriated does have potential value to one seeking to assemble smaller tracts of land and *912 that this tends to increase the value of the property. We therefore find this assignment of error to be without merit.

ASSIGNMENT OF ERROR NO. 3
In this assignment of error, the City contends that the trial court acted improperly in considering an act of exchange entered into between the City and Guaranty Bank. We find this assignment of error to be without merit. In his reasons for judgment, the trial court accepted the testimony of defendants' appraiser valuing the property at $13.50 per square foot. The record clearly reveals that the defendants' appraiser did not consider the aforementioned exchange in determining the value to be assigned to the property expropriated. Accordingly, we find no merit to this assignment of error.

DEFENDANTS' CLAIM FOR ADDITIONAL ATTORNEY'S FEES ON APPEAL
We amend the judgment of the trial court to allow attorney's fees in the amount of $1,500 for appellate services to defendants in these proceedings, for a total award of $11,500 attorney's fees.
In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant, City of Lafayette.
AFFIRMED, AS AMENDED.
NOTES
[1] The trial court's award of damages includes $74,196 as compensation for property taken and $5,750 as replacement cost for a garage. Additionally, the trial court awarded to defendants $10,000 for attorney's fees and expert witness fees. On appeal, plaintiff only contests the amount awarded for the land taken while defendants are asking for an increase in attorney's fees. The remaining items are not in dispute.